UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JEFFREY WESTERN,<br>Individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>THE PARK APARTMENTS LLC and<br>JNB CONSULTING SERVICES, INC. d/b/a<br>JNB PLATINUM PROPERTIES,<br><br>*Defendants*. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b) |

**ORIGINAL COLLECTIVE ACTION COMPLAINT**

Plaintiff—Jeffrey Western—brings this action individually and on behalf of all other hourly maintenance employees (collectively "Plaintiff and the Putative Collective Members") who worked for The Park Apartments LLC ("The Park") and JNB Consulting Services, Inc. d/b/a JNB Platinum Properties ("JNB," collectively "Defendants"), at any time from May 12, 2020, through the final disposition of this matter to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.

**I.
OVERVIEW**

1. This is an action to recover overtime wages, liquidated damages, and other applicable penalties brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.

2.      Plaintiff and the Putative Collective Members are those similarly situated persons who worked for Defendants as hourly maintenance employees, at any time from May 12, 2020 through the final disposition of this matter, who were not paid overtime compensation in violation of the FLSA.

3.      Although Plaintiff and the Putative Collective Members routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective Members were not paid overtime of at least one and one-half their regular rates of pay for all hours worked in excess of forty (40) hours per workweek.

4.      The decision by Defendants not to pay overtime compensation to Plaintiff and the Putative Collective Members was neither reasonable nor in good faith.

5.      Defendants knowingly and deliberately failed to compensate Plaintiff and the Putative Collective Members overtime of at least one and one-half their regular rates of pay for all hours worked in excess of forty (40) hours per workweek.

6.      Plaintiff and the Putative Collective Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

7.      Plaintiff prays that all similarly situated workers (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

# II.
# THE PARTIES

8. Plaintiff Jeffrey Western ("Western") was employed by Defendants during the relevant time period. Plaintiff Western did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

9. The FLSA Collective Members are those current and former hourly maintenance employees who worked for Defendants, at any time from May 12, 2020 through the final disposition of this matter, and were subject to the same illegal pay system under which Plaintiff Western worked and was paid.

10. Defendant The Park Apartments LLC ("The Park"), is a New York limited liability company that has forfeited its right to conduct business in the State of Texas, and may be served through its registered agent for service of process: **Joyce A. Donnelly, 1300 S. Pleasant Valley Road, Austin, Texas 78741**.

11. Defendant JNB Consulting Services, Inc. d/b/a JNB Platinum Properties ("JNB"), is a Texas corporation, licensed to and doing business in the State of Texas, and may be served through its registered agent for service of process: **Janie N. Burnett, 9869 Hammond Road, Calvert, Texas 77837**.

12. Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They had common ownership, oversight and control over Plaintiff and the Putative Collective Members. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to their entire employment for the workweeks at issue in this case.

---

[1] The written consent of Jeff Western is attached hereto as Exhibit "A."

## III.
## JURISDICTION & VENUE

13. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under the FLSA, 29 U.S.C. §§ 201–19.

14. Plaintiff has not entered into an arbitration agreement that would affect the Court's subject-matter jurisdiction.

15. This Court has general personal jurisdiction over Defendant, JNB, because Texas is their home state and because Plaintiff's claims arose within this District as a result of Defendants' conduct within this District and Division.

16. This court has specific personal jurisdiction over Defendant, The Park, because they operate and own an apartment complex in Texas and Plaintiff's claims arose within this District as a result of Defendants' conduct within this District and Division.

17. Venue is proper pursuant to 29 U.S.C. § 1391 in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

18. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

19. Defendant, The Park Apartments LLC, owns and operates an apartment complex located in Corpus Christi, Texas.

20. Defendant, JNB Consulting Services, Inc. d/b/a JNB Platinum Properties is a "full-service, results oriented Property Management and real estate brokerage firm."[2]

21. Plaintiff Western was employed by Defendants as an hourly maintenance employee at The Park location from approximately October of 2020 to December of 2022.

---

[2] https://www.jnbplatinum.com

22. Plaintiff Western and the Putative Collective Members maintained and repaired the interior and exterior of The Park Apartments. Their job duties include, but are not limited to, painting, dry wall repair, shingle repair, siding, plumbing, electric, preparing individual units for move-in, cleaning the grounds, and other tasks as needed.

**Defendants are Joint Employers**

23. Defendants are joint employers as that term is defined in 29 U.S.C. § 203(d).

24. Defendants controlled Plaintiff and the Putative Collective Members' work schedules and conditions of employment.

25. Specifically, Defendants dictated (and continue to dictate) what job duties and tasks that Plaintiff and Putative Collective Members needed to perform while employed.

26. Defendants had the power to hire and fire Plaintiff and the Putative Collective Members.

27. Defendants determined Plaintiff and the Putative Collective Members' rate and method of pay.

28. Defendants controlled Plaintiff Western's pay and acted interchangeably during Plaintiff Western's employment.

29. Defendants maintained control, oversight, and direction over Plaintiff and the Putative Collective Members during their employment, including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

30. Specifically, Defendants determined the arbitrary number of hours Plaintiff and the Putative Collective Members were to be compensated for, regardless of the number of hours actually worked by Plaintiff and the Putative Collective Members.

31. Defendants mutually benefitted from the work performed by Plaintiff and the Putative Collective Members.

32. Defendants did not act entirely independently of each other and have not been completely disassociated with respect to the work of Plaintiff and the Putative Collective Members

33. Defendants shared the services of Plaintiff and the Putative Collective Members.

34. Defendants acted directly or indirectly in the interest of each other in relation to Plaintiffs.

35. Defendants maintained Plaintiff and the Putative Collective Members' employment records.

36. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

**Failure to Pay Overtime**

37. Defendants classified the Plaintiff and Putative Collective Members as hourly employees, therefore entitled to overtime under the FLSA.

38. Plaintiff Western typically worked fifty (50) to sixty (60) hours each week.

39. However, Plaintiff Western was only paid for forty (40) hours per week.

40. Plaintiff Western's "scheduled" shift for Defendants was 8 am to 5 pm, Monday through Friday.

41. In addition to his scheduled shift, Plaintiff Western was on-call for Defendants 24/7 and was required to arrive at The Park any time there was a maintenance emergency.

42. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay for all hours worked over forty (40) each week.

43. Plaintiff and the Putative Collective Members regularly worked in excess of forty (40) hours per week but never received any overtime compensation.

44. Accordingly, Defendants' pay policies and practices willfully violated (and continue to violate) the FLSA.

# V.
# CAUSE OF ACTION

## COUNT ONE
### (Collective Action Alleging FLSA Violations)

**A.  FLSA COVERAGE**

45. The preceding paragraphs fully incorporated herein.

46. FLSA Collective is defined as:

**ALL CURRENT AND FORMER HOURLY MAINTENANCE EMPLOYEES WHO WORKED FOR THE PARK APARTMENTS LLC, and/or JNB CONSULTING SERVICES, INC. d/b/a JNB PLATINUM PROPERTIES, AT ANY TIME FROM MAY 12, 2020, THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

47. At all material times, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

48. At all material times, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

49. At all material times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

50. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Defendants, these individuals have provided services for Defendants that involved interstate commerce for purposes of the FLSA.

51. In performing the operations hereinabove described, Plaintiffs were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

52. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt employees of Defendants who assisted Defendants' customers who live throughout the United States. 29 U.S.C. § 203(j).

53. At all material times, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

54. In violating the FLSA, Defendants acted willfully, without a good faith basis, and with reckless disregard of applicable federal law.

55. The proposed collective of similarly situated employees, in other words, the FLSA Collective Members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 46.

56. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

**B.     FAILURE TO PAY OVERTIME WAGES IN ACCORDANCE WITH THE FLSA**

57. Defendants violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty

(40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

58. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Defendants' acts or omissions as described herein; though Defendants are in possession and control of necessary documents and information from which Plaintiffs would be able to precisely calculate damages.

59. Moreover, Defendants knowingly, willfully, and with reckless disregard carried out their illegal pattern of failing to pay Plaintiffs the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

60. Defendants knew or should have known their pay practices were in violation of the FLSA.

61. Defendants are a sophisticated party and employer, and therefore knew (or should have known) their pay policies were in violation of the FLSA.

62. Plaintiff and the FLSA Collective Members, on the other hand, were unsophisticated employees who trusted Defendants to pay them according to the law.

63. The decision and practice by Defendants to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was neither reasonable nor in good faith.

64. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. COLLECTIVE ACTION ALLEGATIONS

65. All previous paragraphs are incorporated as though fully set forth herein.

66. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all of Defendants' employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they have not been paid.

67. Other similarly situated employees have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

68. The FLSA Collective Members are defined in Paragraph 46.

69. Defendants' failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required from the FLSA, results from generally applicable policies and practices of Defendants and does not depend on the personal circumstances of Plaintiff or the individual FLSA Collective Members.

70. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

71. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

72. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to overtime compensation for all hours worked in excess of forty (40) hours per workweek.

73. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

74. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Defendants will retain the proceeds of its rampant violations.

75. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

76. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 46 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

77. Plaintiffs respectfully pray for judgment against Defendants as follows:

   a. For an Order certifying the FLSA Collective as defined in Paragraph 46 and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

   b. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

   a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid overtime wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

   c. For an Order awarding the costs and expenses of this action;

   d. For an Order awarding attorneys' fees;

   e. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

   f. For an Order granting such other and further relief as may be necessary and appropriate.

Date: May 12, 2023               Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By: /s/ *Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**T. Locke Henry**
Federal I.D. No. 3662374
Texas Bar No. 24118408
locke@a2xlaw.com
101 N. Shoreline Blvd., Ste. 610
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

*Counsel for Plaintiff and the Putative Collective Members*